## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **JOSEPH CANIDATE,** ) | |
| **BOP REG. #10108-002,** ) | |
| **Movant,** ) | |
| ) | **CIVIL ACTION NO. 1:18-00419-WS-N** |
| **v.** ) | |
| ) | **CRIMINAL ACTION NO. 1:16-00201-WS-N** |
| **UNITED STATES OF AMERICA,** ) | |
| **Respondent.** ) | |

## REPORT AND RECOMMENDATIONS

Joseph Canidate ("Canidate"), a federal prisoner proceeding without counsel (*pro se*), filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 dated September 26, 2018 (Doc. 53)[1] challenging the judgment entered against him in the above-numbered criminal action. The Court ordered Canidate to file an amended version of his § 2255 motion on the Court's form (Doc. 54) and he complied on October 23, 2018 (Doc. 55). Canidate then requested to file a superseding § 2255 motion, claiming that another prisoner fraudulently filed the initial motion on his behalf. (Doc. 58). The Court granted this motion and ordered Canidate to file a superseding motion (Doc. 59). Canidate complied, filing the subject § 2255 motion. (Doc. 60). The Government timely filed a response (Doc. 69) in opposition to Canidate's § 2255 motion, as ordered by the Court under Rule 4(b) of the Rules Governing Section 2255 Proceedings (Doc. 65). Canidate did not file a reply. Canidate's § 2255 motion is now under submission for determination of whether

---

[1] All "Doc." citations herein refer to the docket of the above-numbered criminal action.

expansion of the record and/or an evidentiary hearing is warranted. *See* Rules 7 and 8(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Having reviewed the parties' submissions and other relevant portions of the record in accordance with Rule 8(a) of the Rules Governing Section 2255 Proceedings, the undersigned finds that neither expansion of the record nor an evidentiary hearing is warranted and **RECOMMENDS** that Canidate's § 2255 motion (Doc. 60) be **DENIED** and **DISMISSED with prejudice**.

## I.   *Background*

On September 29, 2016, the grand jury for this district returned an indictment against Canidate (Doc. 1), charging him with seven counts involving bank robbery and unlawful firearm possession offenses. Canidate was appointed trial counsel and initially entered a plea of not guilty to all charges. (*See* Doc. 11). On June 21, 2016, Canidate changed his plea pursuant to a written plea agreement (Doc. 36) and entered a plea of guilty. Specifically, Canidate pleaded guilty Counts One and Four of the indictment, which charged him with bank robbery in violation of 18 U.S.C. § 2113(a) and brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii), respectively. (*See* Docs. 1, 42). The Court adopted the presentence investigation report (Doc. 44) with two minor changes: (1) removing a two-point enhancement for physical restraint and (2) finding that Canidate must pay $7,196 in restitution. (Doc. 50, PageID.170). On October 5, 2017, the Court sentenced Canidate to 337 months of imprisonment—thirty-seven months for Count One and 300 months

for Count Four[2]—followed by three years of supervised release, $7,196 in restitution, and a $200.00 assessment. (Doc. 49). Consistent with the terms of the plea agreement, the Court dismissed the remaining counts against Canidate on motion of the Government. (*See* Doc. 49). Canidate did not appeal the judgment. (*See* Doc. 48; Doc. 60, PageID.299). Canidate timely filed the present superseding § 2255 motion on December 10, 2018. (*See* Doc. 60).

## II.   *Legal Standards*

Canidate's § 2255 motion raises several issues. This section sets out the following standards: (a) the general standards of review under § 2255; (b) ineffective assistance of counsel; and (c) the effect of a guilty plea on § 2255 motions.

### a.   **General Standards of Review under § 2255**

Under 28 U.S.C. § 2255, a federal prisoner may "bring a collateral challenge by moving the sentencing court to vacate, set aside, or correct the sentence." *Winthrop-Redin v. United States*, 767 F.3d 1210, 1215-16 (11th Cir. 2014). However, "[o]nce the defendant's chance to appeal has been waived or exhausted," a court is "entitled to presume he stands fairly and finally convicted, especially when . . . he

---

[2] The mandatory minimum sentence for a § 924(c)(1)(A)(ii) conviction is "a term of imprisonment of not less than 7 years" except "to the extent that a greater minimum sentence is otherwise provided by this subsection . . . ." 18 U.S.C. § 924(c)(1)(A). "In the case of a violation of [§ 924(c)] that occurs after a prior conviction under this subsection has become final, the person shall . . . be sentenced to a term of imprisonment of not less than 25 years." 18 U.S.C. § 924(c)(1)(C)(i). Here, Canidate was convicted of § 924(c)(1)(A)(ii) prior to the subject conviction becoming final. (*See* Doc. 36, PageID.112) (setting out Canidate's admission to using a firearm in a 1998 bank robbery, leading to a criminal convction in the Middle District of Alabama). Accordingly, the sentencing court imposed the mandatory minimum term of 300-months imprisonment required by § 924(c)(1)(C)(i). (*See* Doc. 50, PageID.170).

already has had a fair opportunity to present his federal claims to a federal forum."

*United States v. Frady*, 456 U.S. 152, 164 (1982). "[A] collateral challenge, such as a

§ 2255 motion, may not be a surrogate for a direct appeal." *Lynn v. United States*, 365

F.3d 1225, 1232 (11th Cir. 2004) (per curiam) (citing *Frady*, 456 U.S. at 165 (collecting

cases)). "Because collateral review is not a substitute for a direct appeal, the general

rules have developed that: (1) a defendant must assert all available claims on direct

appeal, and (2) relief under 28 U.S.C. § 2255 is reserved for transgressions of

constitutional rights and for that narrow compass of other injury that could not have

been raised in direct appeal and would, if condoned, result in a complete miscarriage

of justice." *Id.* (internal citations, quotations, and footnote omitted).

> Once a petitioner files a § 2255 motion, "[u]nless the motion and the files
> and records of the case conclusively show that the prisoner is entitled to
> no relief, the court shall . . . grant a prompt hearing thereon, determine
> the issues and make findings of fact and conclusions of law with respect
> thereto." [28 U.S.C.] § 2255(b). A petitioner is entitled to an evidentiary
> hearing if he "alleges facts that, if true, would entitle him to relief."
> *Aron*[ *v. United States*], 291 F.3d [708,] 715 [(11th Cir. 2002)] (quoting
> *Holmes v. United States,* 876 F.2d 1545, 1552 (11th Cir. 1989)). "[A]
> petitioner need only *allege*—not prove—reasonably specific, non-
> conclusory facts that, if true, would entitle him to relief." *Id.* at 715 n.6.
> However, a district court need not hold a hearing if the allegations are
> "patently frivolous," "based upon unsupported generalizations," or
> "affirmatively contradicted by the record." *Holmes,* 876 F.2d at 1553
> (quoting *United States v. Guerra,* 588 F.2d 519, 520–21 (5th Cir. 1979));
> *see, e.g., Lynn v. United States,* 365 F.3d 1225, 1239 (11th Cir. 2004)
> ("Because the . . . affidavits submitted by Lynn amount to nothing more
> than mere conclusory allegations, the district court was not required to
> hold an evidentiary hearing on the issues and correctly denied Lynn's §
> 2255 motion.").

*Winthrop-Redin*, 767 F.3d at 1216 (footnote omitted); *accord, e.g., Diveroli v. United*

*States*, 803 F.3d 1258, 1263 (11th Cir. 2015). In making this determination, the Court

is aware that it must "liberally construe *pro se* filings, including *pro se* applications for relief pursuant to § 2255." *Winthrop-Redin*, 767 F.3d at 1215. However, the Court cannot "serve as *de facto* counsel for a party, or . . . rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. Cty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

### b.     Ineffective Assistance of Counsel

The Sixth Amendment gives criminal defendants the right to effective assistance of counsel. U.S. Const., amend. VI; *Strickland v. Washington*, 466 U.S. 668, 684–86 (1984). "[F]ailure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Massaro v. United States*, 538 U.S. 500, 509 (2003). Indeed, "in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance." *Id.* at 504; *see also United States v. Curbelo*, 726 F.3d 1260, 1267 (11th Cir. 2013) ("An ineffective assistance claim should usually be raised in a motion under 28 U.S.C. § 2255." (citing *United States v. Patterson*, 595 F.3d 1324, 1328 (11th Cir. 2010))). "To establish an ineffective assistance of counsel claim, a defendant must show that (1) 'counsel's representation fell below an objective standard of reasonableness' and (2) that such failure prejudiced him in that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *United States v. Pease*, 240 F.3d 938, 941 (11th Cir. 2001) (per curiam) (quoting *Strickland*, 466 U.S. at 687–88, 694).

"Conclusory allegations of ineffective assistance are insufficient." *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992) (per curiam) (quoting *United States v. Lawson*, 947 F.2d 849, 853 (7th Cir. 1991)). Moreover, "[b]ecause both parts of the test must be satisfied in order to show a violation of the Sixth Amendment, the court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa." *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000) (citation omitted); *see also Osley v. United States*, 751 F.3d 1214, 1222 (11th Cir. 2014) ("A habeas petitioner claiming ineffective assistance of counsel must carry his burden on both *Strickland* prongs, and a court need not address both prongs if the defendant has made an insufficient showing on one."); *Johnson v. Alabama*, 256 F.3d 1156, 1176 (11th Cir. 2001) ("The petitioner bears the burden of proof on the 'performance' prong as well as the 'prejudice' prong of a *Strickland* claim, and both prongs must be proved to prevail."). "The *Strickland* test is not easily met; . . . 'the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between.' " *Johnson*, 256 F.3d at 1176 (quoting *Waters v. Thomas,* 46 F.3d 1506, 1511 (11th Cir. 1995) (en banc) (citation omitted)).

"The test for ineffectiveness is not whether counsel could have done more; perfection is not required." *Waters*, 46 F.3d at 1518; *accord, e.g.*, *Burt v. Titlow*, 571 U.S. 12, 24 (2013) ("[T]he Sixth Amendment does not guarantee the right to perfect counsel; it promises only the right to effective assistance . . . ."). "A lawyer can almost always do something more in every case. But the Constitution requires a good deal

less than maximum performance." *Atkins v. Singletary*, 965 F.2d 952, 960 (11th Cir.

1992).

> In evaluating the first, or "performance," prong of *Strickland,* "[j]udicial scrutiny of counsel's performance must be highly deferential." [*Strickland*, 466 U.S.] at 689, 104 S. Ct. at 2065. Because retrospective evaluation of a lawyer's performance can be difficult, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that . . . the challenged action might be considered sound trial strategy." *Id.* (internal quotations omitted). A petitioner must identify specific acts or omissions that were not the result of reasonable professional judgment, and a court should deem these acts or omissions deficient only if they "were outside the wide range of professionally competent assistance." *Id.* at 690, 104 S. Ct. at 2066. Simply put, the deference afforded an attorney's decision is great and the bar for proving a Sixth Amendment violation is high. In light of the "strong presumption in favor of competence," . . . in order to prove deficient performance, "a petitioner must establish that no competent counsel would have taken the action that his counsel did take." *Chandler v. United States,* 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc).
>
> Under the second, or "prejudice," prong of *Strickland*, a petitioner must "affirmatively prove prejudice" by showing that counsel's errors "actually had an adverse effect on the defense." 466 U.S. at 693, 104 S. Ct. at 2067. This requires a showing of more than "some conceivable effect on the outcome of the proceeding." *Id.* Instead, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S. Ct. at 2068. Although this standard is difficult to meet, it is significant that a petitioner must show only a reasonable probability that the outcome would have been different; he "need not show that counsel's deficient conduct more likely than not altered the outcome in the case." *Id.* at 693, 104 S. Ct. at 2068. When evaluating this probability, "a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." *Id.* at 695, 104 S. Ct. at 2069.

*Brownlee v. Haley*, 306 F.3d 1043, 1059-60 (11th Cir. 2002). "The reasonableness of

counsel's performance is to be evaluated from counsel's perspective at the time of the

alleged error and in light of all the circumstances. In making the competency determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case." *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986) (citing *Strickland*, 466 U.S. at 689-91) (citations and quotations omitted).

"A guilty plea is open to attack on the ground that counsel did not provide the defendant with 'reasonably competent advice.' " *Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S. Ct. 1708, 1716, 64 L. Ed. 2d 333 (1980) (quoting *McMann*[ *v. Richardson*], 397 U.S. [759,] 770, 90 S. Ct. [1441,] 1448[ (1970)]). The Supreme Court has held "that the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985); *Slicker v. Dugger*, 878 F.2d 1380, 1381 n.1 (11th Cir. 1989) (per curiam); *Holmes v. United States*, 876 F.2d 1545, 1551 (11th Cir. 1989); *McCoy v. Wainwright*, 804 F.2d 1196, 1198 (11th Cir. 1986) (per curiam).

. . . .

. . . *Hill* clarified the *Strickland* second or "prejudice" requirement in the context of guilty pleas: "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." 474 U.S. at 59, 106 S. Ct. at 370; *Tahamtani v. Lankford*, 846 F.2d 712, 714 (11th Cir. 1988) (per curiam); *see Long v. United States*, 883 F.2d 966, 968 n.4 (11th Cir. 1989) (per curiam); *Agan v. Dugger*, 835 F.2d 1337, 1340 n.6 (11th Cir. 1987), *cert. denied*, 487 U.S. 1205, 108 S. Ct. 2846, 101 L. Ed. 2d 884 (1988); *see also Holmes*, 876 F.2d at 1553, *Slicker v. Wainwright*, 809 F.2d 768, 770 (11th Cir. 1987) (These cases were remanded to the district court to determine if accurate, rather than incorrect, information by the defense counsel as to the length of sentence would have changed the defendant's plea.); *cf. Betancourt v. Willis*, 814 F.2d 1546, 1549 (11th Cir. 1987) (This court affirmed the district court's granting a habeas corpus petition based upon its conclusion that petitioner's plea was not voluntary and that his counsel provided ineffective assistance because the evidence was "uncontroverted that petitioner was completely unaware of the ultimate consequences of his plea because his counsel misrepresented the existence of a sentence reduction agreement."). The *Hill* court explained the prejudice

requirement with specific regard to a defense counsel's alleged failure to investigate potentially exculpatory evidence:

> In many guilty plea cases, the "prejudice" inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial. For example, where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial.

474 U.S. at 59, 106 S. Ct. at 370; *McCoy*, 804 F.2d at 1198–99.

The Supreme Court has recognized that the decision to plead guilty may occur without all of the state's evidence and necessarily takes place without knowledge of all facts revealed by witnesses at trial. *McMann*, 397 U.S. at 769–70, 90 S. Ct. at 1448. "[C]ounsel owes a lesser duty to a client who pleads guilty than to one who decides to go to trial, and in the former case counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between accepting the prosecution's offer and going to trial." *Wofford v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir. 1984) (per curiam); *Downs–Morgan v. United States*, 765 F.2d 1534, 1539 (11th Cir. 1985). An attorney's responsibility is to investigate and to evaluate his client's options in the course of the subject legal proceedings and then to advise the client as to the merits of each. *Tafero*, 796 F.2d at 1320; *Thompson v. Wainwright*, 787 F.2d 1447, 1451 (11th Cir. 1986), *cert. denied*, 481 U.S. 1042, 107 S. Ct. 1986, 95 L. Ed. 2d 825 (1987).

*Stano v. Dugger*, 921 F.2d 1125, 1151 (11th Cir. 1991) (en banc). In claiming prejudice under *Strickland* and *Hill*, "[a] movant must [also] allege facts that would prove that a decision not to plead guilty 'would have been rational under the circumstances.' " *Hernandez v. United States*, 778 F.3d 1230, 1234 (11th Cir. 2015) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010)).

9

### c.     Effect of Guilty Plea

The "concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas." *Bousley v. United States*, 523 U.S. 614, 621 (1998) (quoting *United States v. Timmreck*, 441 U.S. 780, 784 (1979)). "A defendant who enters a plea of guilty waives all nonjurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained." *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992); *see also, e.g.*, *United States v. Brown*, 752 F.3d 1344, 1347 (11th Cir. 2014) ("A guilty plea, since it admits all the elements of a formal criminal charge, waives all non-jurisdictional defects in the proceedings against a defendant." (quoting *United States v. Fairchild*, 803 F.2d 1121, 1124 (11th Cir. 1986) (per curiam)); *United States v. Saac*, 632 F.3d 1203, 1208 (11th Cir. 2011) (" 'Generally, entering a guilty plea waives a defendant's right to all non-jurisdictional challenges to a conviction.' " (quoting *United States v. Bonilla,* 579 F.3d 1233, 1240 (11th Cir. 2009)). "This waiver of rights includes a claim of ineffective assistance of counsel based on a pre-plea event . . . ." *United States v. Hartsfield*, 160 F. Supp. 3d 1315, 1318 (M.D. Fla. 2016) (citing *Wilson*, 962 F.2d at 997).

Stated differently, "a voluntary and intelligent plea made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Mabry v. Johnson*, 467 U.S. 504, 508 (1984). When, as here, a § 2255 motion is filed collaterally challenging convictions obtained pursuant to a guilty plea, "the inquiry is ordinarily confined to whether the underlying plea was both counseled

and voluntary." *United States v. Broce*, 488 U.S. 563, 569 (1989); *see also Bousley*, 523 U.S. at 618 ("A plea of guilty is constitutionally valid only to the extent it is 'voluntary' and 'intelligent.' " (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)). "To determine that a guilty plea is knowing and voluntary the district court must establish that '(1) the guilty plea [is] free from coercion; (2) the defendant . . . understand[s] the nature of the charges; and (3) the defendant . . . know[s] and understand[s] the consequences of his guilty plea.' " *United States v. Frye*, 402 F.3d 1123, 1127 (11th Cir. 2005) (quoting *United States v. Mosely*, 173 F.3d 1318, 1322 (11th Cir. 1999).)

### III.    *Analysis*

Canidate asserts four claims for relief in his first superseding § 2255 motion (Docs. 60, 60-1). The Court will address each in turn.

### a.    Claim One: Ineffective Assistance for Failing to Object to Application of § 924(c)(3)(B)

In his superseding § 2255 motion, Canidate argues that his trial counsel provided ineffective assistance of counsel "for not objecting to the misapplication of . . . 924(c)'s sentencing enhancement" because § 924(c)(3)(B) "has been found unconstitutionally vague." (Doc. 60-1, PageID.312). In support, Canidate points to the Tenth Circuit's decision in *United States v. Salas*, where it held that § 924(c)(3)(B)'s residual clause defining a "crime of violence" eligible for conviction is unconstitutionally vague. *See* 889 F.3d 681, 686 (10th Cir. 2018). While Canidate's § 2255 motion has been pending, the Supreme Court of the United States confirmed

this view, holding that § 924(c)(3)(B)'s residual definition is unconstitutionally vague. *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019). However, Canidate's claim that his trial counsel provided ineffective assistance by failing to object to § 924(c)(3)(B) as unconstitutional fails because he was not convicted under that section. Rather, as the United States notes, Canidate's conviction under Count 4 relies on the "use of force" clause in § 924(c)(3)(A). (Doc. 69, PageID.426); *see also* (Doc. 44, PageID.146–47). Canidate's corresponding conviction for bank robbery in violation of 18 U.S.C. § 2113(a) "qualifies as a crime of violence under the § 924(c)(3)(A) use-of-force clause." *In re Sams*, 830 F.3d 1234, 1239 (11th Cir. 2016). Nothing in Canidate's indictment, plea agreement, or final judgment indicates that he was convicted pursuant to § 924(c)(3)(B). The failure of Canidate's trial counsel to object to an inapplicable statutory provision does not defy an "objective standard of reasonableness . . . ." *See Strickland*, 466 U.S. at 688. Accordingly, Canidate's first ground for relief fails on the merits.

**b.    Claim Two: Ineffective Assistance for Failing to File Pretrial Motions**

Next, Canidate argues that his trial counsel provided ineffective assistance by failing to file "a pre-trial motion to suppress the Government's potential use of testimony concerning the existence of a weapon . . . during a crime of violence." (Doc. 60-1, PageID.316). Canidate emphasizes "[the sufficiency of evidence question (pertaining to defendant continuously expressing that he did not possess a gun) was replete throughout the proceedings," and the fact that his trial counsel "did not file any pre-trial motions . . . illustrates the high [likelihood] that defense counsel did not,

in a zealous nature, delve into pre-trial and pre-sentencing investigation." (Doc. 60-1, PageID.316–17). Canidate claims that he is "mentally challenged" and that his "lawyer utilized his/her many years of higher education and Juris Doctorate education to coerce petitioner" to discontinue his "claim of not possessing a firearm." (Doc. 60-1, PageID.317).

Canidate's claim fails for two reasons: (1) he waived this argument by knowingly and voluntarily pleading guilty, and (2) his trial counsel did not provide ineffective assistance. A challenge to a "pre-plea event, including a claim of ineffective assistance of counsel" like the one Canidate raises here, is waived by pleading guilty. *See Hartsfield*, 160 F. Supp. 3d at 1318 (citing *Wilson*, 962 F.2d at 997). After pleading guilty, an analysis of Canidate's present collateral attack "is ordinarily confined to whether the underlying plea was both counseled and voluntary." *See Broce*, 488 U.S. at 569. While Canidate implies that his guilty plea was involuntary because his trial counsel "coerced" him into doing so, the record contains ample evidence indicating that Canidate pleaded guilty on his own volition. In addition to Canidate signing the plea agreement stating that he "voluntarily agree[s]" to its terms, the Court held a plea hearing to discuss the details of the agreement and its consequences with him to ensure that he entered into the agreement knowingly and voluntarily. (*See* Doc. 67). Canidate "stated under oath that he was not coerced into pleading guilty, that he understood the charges and consequences of pleading guilty, and that he pleaded guilty," confirming that he entered into the plea agreement knowingly and

13

voluntarily.[3] *See Frye*, 402 F.3d at 1127. As such, Canidate waived any ineffective assistance of counsel claim challenging his trial counsel's pre-plea conduct.

Even if Canidate's *Strickland* claim was properly before the Court, the claim would still be due to be denied as meritless. Canidate fails to plausibly allege prejudice from his trial counsel's failure to file pretrial motions challenging the sufficiency of the evidence because he failed to show "there is a reasonable probability that, but for [his] counsel's unprofessional errors, the result of the proceeding would have been different." *See Strickland*, 466 U.S. at 694. While Canidate argues that the success of a potential motion "is the not the sole concern" in determining an ineffective assistance of counsel claim, the second prong of a *Strickland* analysis requires exactly that: "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691.

Canidate's guilty plea ended the criminal proceedings before the Government presented its full range of incriminating evidence, but even the limited facts described

---

[3] Canidate's passing reference to his mental capacity is not enough to call into question his knowing and voluntary guilty plea. The Court acknowledged Canidate's placement in special education classes during his school years before going through each aspect of the plea agreement in plain yet detailed terms. (Doc. 70, PageID.379). Further, the Court held a competency hearing prior to Canidate pleading guilty and determined that he did "not suffer from a severe mental disorder or defect that would preclude his ability to understand the nature and consequences of the proceedings against him, or to assist his attorney in his own defense." (Doc. 26, PageID.70). Considering the Court's extensive efforts to ensure that Canidate understood the criminal proceedings—both before and during the plea hearing—Canidate fails to plausibly demonstrate that his mental disability rendered his plea unknowing or involuntary.

14

in Canidate's plea agreement (Doc. 36) and Presentence Investigation Report (Doc. 44) are daunting. The bank teller who witnessed the robbery confirmed that a masked man matching Canidate's description threatened her with a gun. (Doc. 44, PageID.142). The police apprehended Canidate shortly after he left the scene of the robbery, catching him "red-handed" in the woods nearby: "Canidate had red dye on his pants and his hands" from dye packets stowed in the stolen money. (Doc. 44, PageID.142). The police found cash and a firearm matching the description of the weapon used by Canidate during the robbery along the path of his flight from the bank. (Doc. 44, PageID.142). Upon his capture, Canidate confessed to the crime after waiving his *Miranda* rights. (Doc. 44, PageID.142). In the face of this overwhelming evidence, Canidate does not allege any plausible facts showing that a pretrial motion challenging the sufficiency of the evidence against him would have had a reasonable probability of changing the result of the proceedings, and as such, he suffered no prejudice under *Strickland*. Accordingly, Canidate's second ground for relief fails both procedurally and on the merits.

### c.   Claim Three: 18 U.S.C. § 924(c) Conviction

Canidate also argues that his 18 U.S.C. § 924(c) conviction is improper because his corresponding conviction for bank robbery in violation of 18 U.S.C. § 2113(a) is not a "crime of violence." (Doc. 60-1, PageID.320). Canidate insists that Hobbs Act robbery is "synonymous" with § 2113(a) robbery for statutory interpretation purposes, and that neither are "crimes of violence" under U.S.S.G. 4B1.1(a). (Doc. 60-1, PageID.318). Canidate claims that § 2113(a) robbery also falls outside U.S.S.G.

2B3.1's "use of force" clause. (Doc. 60-1, PageID.320–21). Finally, Canidate argues that "[b]ecause Section 2113(a) criminalizes conduct that extends beyond both generic robbery and guidelines extortion, it is not a 'crime of violence' under the enumerated offense." (Doc. 60-1, PageID.322).

These arguments fail because Canidate did not raise them on direct appeal, rendering them procedurally defaulted. "[A] defendant must assert all available claims on direct appeal" because "relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn*, 365 F.3d at 1232. "This rule generally applies to all claims, including constitutional claims." *Id.* at 1234. Here, Canidate's claims challenging the validity of his conviction and sentence under § 924(c) could have been raised on direct appeal.[4] However, Canidate failed to appeal his judgment of conviction or sentence. Canidate makes no attempt to show cause and prejudice for this failure, nor does he argue that his actual innocence justifies his non-appeal. *Cf. id.* (noting that a "defendant can avoid a procedural bar only by establishing one of the two exceptions to the procedural default rule"—namely, by showing cause and prejudice or by demonstrating actual innocence). Accordingly, Canidate's third ground for relief fails as procedurally defaulted.

---

[4] This proposition assumes for the sake of argument that Canidate could have raised these claims at all on any appeal—be it direct or collateral—which is questionable given his waiver via guilty plea. *See infra*, Section III.b.

16

### d.    Claim Four: Ineffective Assistance for not Raising First Step Act

In Canidate's "Motion for Addendum," he argues that his "attorney was constitutionally deficient for not bringing up" the First Step Act to dissuade the sentencing court from imposing a twenty-five-year sentence under § 924(c)(1)(C)(i)'s repeat offender provision because he did not have a qualifying subsequent § 924(c) conviction. (Doc. 62). However, Canidate's reliance on the First Step Act ("FSA") is misplaced for several reasons. First, Canidate's trial counsel could not have referenced the FSA during the proceedings: the President signed the FSA into law on December 21, 2018, *see* Pub. L. No. 115-391 (2018), whereas the Court entered Canidate's criminal judgment on October 5, 2017, (Doc. 49). Second, the FSA's § 924(c) clarification only applies to an "offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." Pub. L. No. 115-391, 132 Stat 5194. The Court imposed Canidate's sentence on October 5, 2017, (Doc. 49) well before the FSA was enacted on December 21, 2018. Third, the FSA's § 924(c) clarification would not alter the applicability of the provision in Canidate's case because his previous § 924(c) conviction became final before his current conviction. (*See* Doc. 36, PageID.112). Given the inapplicability of— and impossibility of referencing—the FSA during Canidate's criminal proceedings, his trial counsel's failure to raise the issue did not defy an "objective standard of reasonableness . . . ." *See Strickland*, 466 U.S. at 688. Accordingly, Canidate is entitled to no relief on Claim Four, his final claim for relief under § 2255, and the

undersigned **RECOMMENDS** that his § 2255 motion (Doc. 60) be **DENIED** and **DISMISSED with prejudice** without an evidentiary hearing.

### e. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in a § 2255 proceeding. Rule 11(a) of the Rules Governing § 2255 Proceedings. "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1)(B).

"A certificate of appealability may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.' " *Spencer v. United States*, 773 F.3d 1132, 1137 (11th Cir. 2014) (en banc) (quoting 28 U.S.C. § 2253(c)(2)). Where, as here, the district court "has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." (citations omitted and punctuation modified)).). "A prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El*, 537 U.S. at 338

(quotations omitted). However, "a COA does not require a showing that the appeal will succeed." *Id.* at 337.

Upon due consideration, the undersigned **RECOMMENDS** that Canidate be **DENIED** a Certificate of Appealability in conjunction with the denial of his present § 2255 motion, as reasonable jurists would not debate whether his § 2255 motion should be resolved in a different manner or that any of the issues presented is adequate to deserve encouragement to proceed further.[5]

### f.    Appeal *In Forma Pauperis*

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).

> A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. *See Coppedge v. United States,* 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). In other words, an IFP action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001). More specifically, "arguable means capable of being convincingly argued." *Sun v. Forrester,* 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted). Nevertheless, where a "claim is arguable, but ultimately will be unsuccessful," it should be allowed to proceed. *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 515 (11th Cir. 1991).

---

[5] If the Court adopts the undersigned's recommendation to decline to issue Canidate a COA, he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

*Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859–60 (11th Cir. 2008) (per curiam) (unpublished).

Having considered the issues raised as set forth above, the undersigned **RECOMMENDS** the Court **CERTIFY** that any appeal by Canidate of the denial of the present § 2255 motion would be without merit and therefore not taken in good faith, thus denying him entitlement to appeal *in forma pauperis*.[6]

### IV.    *Conclusion*

In accordance with the foregoing analysis, the undersigned **RECOMMENDS** that Canidate's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 60) dated November 21, 2018, be **DENIED** and **DISMISSED with prejudice** without an evidentiary hearing; that the Court find Canidate does not qualify for a Certificate of Appealability or to proceed *in forma pauperis* on appeal; and that final judgment be entered accordingly under Federal Rule of Civil Procedure 58.

**DONE** this the 12th day of August 2021.

/s/ *Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[6] Canidate may file a motion to proceed on appeal *in forma pauperis* with the Eleventh Circuit Court of Appeals in accordance with Federal Rule of Appellate Procedure 24(a)(5).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2255 Cases in the United States District Courts; S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.